UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DUANE HOLLENBECK,<br><br>Defendant. | Criminal No. 3:23-CR-076 (BKS)<br><br>**Government Sentencing Memorandum** |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court sentence the defendant to a guideline sentence of 41 months, with a 3-year term of supervised release.

I

INTRODUCTION

On March 15, 2023, the defendant pled guilty to Count 1 of a single-count Information charging on or about June 2022, in Chenango County in the Northern District of New York, the defendant, Duane Hollenbeck, knowingly possessed a firearm, specifically: one unserialized AR-15 style rifle with an American Tactical (U.S. Patent No 9068786) upper receiver, an attached black tactical-style flashlight, a V-Life optical aiming device, and a tan-colored collapsible stock with a barrel length measuring less than 16 inches long, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code,

1

Sections 5841, 5861(d), and 5871. The defendant is scheduled to be sentenced on July 13, 2023, in Syracuse, New York.

## II

### APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

The government agrees with the facts, criminal history category, guidelines calculation, and statutory sentencing requirements set forth in the Presentence Investigation Report ("PSR"). *See* Dkt. 31.

## III

### GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, including the information set forth in detail in the PSR the government would ask that the Court sentence the defendant to a 41-month guideline sentence consistent with the factors set forth in 18 U.S.C. § 3553(a) followed by a 3-year term of supervised release.

The defendant's conduct in this case was egregious and warrants a guideline sentence. While only charged federally with the possession of one short-barreled rifle, the defendant possessed an arsenal of weapons that included numerous assault rifles, silencers, and unserialized handguns also known as "ghost guns." PSR ¶10. The defendant owned these weapons despite the fact that he had multiple prior assault convictions including a conviction that prohibited him from owning any firearms. PSR ¶¶ 33, 34 and 15.

Compounding matters, the defendant knowingly provided access to these weapons to two young individuals who had previously been accused of saying they wanted to harm fellow students

at their respective schools.  Specifically, the defendant **gave one minor child a handgun** that he made **after** that child had been suspended 70 days from school for **threatening to repeat the shootings that occurred at Parkland** at his local school. See, PSR ¶¶ 14 and 15 and sealed Exhibit 1.  The defendant also provided another young adult access to his entire arsenal after that young adult had been accused of threatening to blow up his school.  PSR ¶¶ 10 and 44.  The defendant's reckless disregard for federal and state laws pertaining to the lawful possession of firearms and his willingness to provide access to those firearms to troubled young people who have expressed their desire to harm others is clearly an aggravating factor that warrants a guideline sentence in this matter.

The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. §3553(a)(2).  This sentence reflects the seriousness of the violation and provides adequate deterrence against future violations.  In the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve §3553(a)'s objectives.'  *Kimbrough v. United States*, 552 U.S. 85 (2007); *see, e.g., Gall v. United States*, 552 U.S. 38 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").  Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act - "to diminish unwarranted sentencing

disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).[1]

    Respectfully submitted this 22nd day of June, 2023.

                                        CARLA B. FREEDMAN
                                        United States Attorney

                                        */s/ Geoffrey J.L. Brown*
By:                          _____

                                        Geoffrey J.L. Brown
                                        Assistant United States Attorney
                                        Bar Roll No. 513495

---

[1] The government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).